NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STETMAN KEITH WELLS, *Appellant.*

No. 1 CA-CR 16-0224
FILED 4-27-2017

Appeal from the Superior Court in Maricopa County
No.  CR2015-121239-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By David A. Simpson
*Counsel for Appellee*

The Law Offices of David Michael Cantor, Phoenix
By Jonathan Hupp
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Donn Kessler and Judge Patricia A. Orozco[1] joined.

---

**T H U M M A**, Judge:

¶1        A jury convicted Stetman Keith Wells of two counts of driving under the influence (DUI), aggravated because his drivers' license was suspended, both Class 4 non-dangerous, non-repetitive felony offenses. *See* Ariz. Rev. Stat. (A.R.S.) §§ 28-1381(A)(1) & (A)(2) (2017).[2] The court sentenced Wells to concurrent four-month prison terms, followed by concurrent two-year probation grants. This court has jurisdiction over Wells' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21 (A)(1), 13-4031, and -4033(A)(1). On appeal, Wells argues the superior court: (1) committed fundamental error by allowing the State's expert to testify that Wells was impaired and (2) abused its discretion by sustaining an objection to a question asking a police officer whether Wells said his drivers' license was not suspended. Because Wells has shown no error, his convictions, sentences and probation grants are affirmed.

### FACTS[3] AND DISCUSSION

¶2        At trial, Wells elected to testify and admitted that he was driving while impaired in May 2015 when he was pulled over by Chandler police. Wells admitted to simple DUI, but claimed that he did not have notice that his driver's license had been suspended, meaning he was not

---

[1] The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] Absent material revisions after the relevant dates, statutes cited to refer to the current version unless otherwise indicated.

[3] This court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against Wells. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008). The facts presented are limited to those necessary to address the arguments raised by Wells on appeal.

guilty of aggravated DUI. During his trial testimony, Wells repeatedly admitted he was driving "impaired." Wells' attorney conceded the point during closing argument, beginning by telling the jury Wells "testified, said that he was impaired, right? He drank. He had alcohol in his system. That means that he's impaired to the slightest degree, so that's not an issue in the trial."

¶3        On appeal Wells now argues it was fundamental error for the State's expert to testify during direct examination, after defining the difference between "impaired" and "drunk," as follows:

> Q. And is there an opinion within the scientific community for when a person is impaired for the purposes of driving?
>
> A. Yes.
>
> Q. What is that opinion?
>
> A. Currently that level and opinion is a .08 for a regular automobile.
>
> Q. And is that for all people?
>
> A. That's for all people regardless of their tolerance to alcohol.
>
> Q. And do you have an opinion to whether someone is impaired from the task of driving if their blood alcohol concentration would be a .228 [which other evidence showed was Wells' blood alcohol level at the relevant time]?
>
> A. Do I have an opinion? Yes.
>
> Q. What is that opinion?
>
> A. That that's not a safe level consistent with driving.

Wells argues this "is inadmissible ultimate issue testimony by an expert witness [who] was flatly telling the jury how to decide the case in violation of Ariz. R. Evid. 704."

¶4          At trial, Wells did not object to this testimony, meaning this court's review on appeal is limited to fundamental error. Ariz. R. Crim. P. 21.3(c); *State v. Henderson*, 210 Ariz. 561, 567 ¶¶ 19–20 (2005). "Accordingly, [Wells] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."'" *State v. James*, 231 Ariz. 490, 493 ¶ 11 (App. 2013) (citations omitted).

¶5          "An opinion is not objectionable just because it embraces an ultimate issue." Ariz. R. Evid. 704(a). However, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Ariz. R. Evid. 704(b). Wells has not shown that the testimony states an opinion as to whether he had "a mental state or condition" constituting an element of the charged offenses. Even if he had made such a showing, *see State v. Herrera*, 203 Ariz. 131, 135 ¶¶ 7-8 (App. 2002) (stating, under prior version of Ariz. R. Evid. 704, that testimony defendant was "'impaired to the slightest degree' was also inappropriate"), Wells cannot show fundamental error resulting in prejudice.[4]

¶6          This testimony, although admitted in a different order, was consistent with Wells' theory and trial testimony that he was driving while impaired (admitting simple DUI) but did not know that his license was suspended (seeking to negate the elements of aggravated DUI). Wells testified repeatedly that he was "impaired." And his attorney confirmed that testimony during closing, adding Wells' impairment was not a disputed "issue in the trial." Given Wells' own admissions, and his theory at trial, he has not shown that the testimony of the State's expert caused him prejudice. Accordingly, Wells has failed to show fundamental error resulting in prejudice. *See James*, 231 Ariz. at 493 ¶ 11.

¶7          Wells also argues that the superior court abused its discretion in not allowing him to introduce his recorded statement that he did not know his license was suspended. On the night of the incident, a police officer interviewed Wells at the police station. This officer testified at trial during direct examination that, during this interview, Wells admitted that he had been drinking that night and was driving the vehicle. During cross-examination, Wells' counsel asked whether, during this interview, Wells "denied that his driver's license was suspended or revoked." The State objected on hearsay grounds, Wells' counsel conceded it was hearsay but

---

[4] Given this conclusion, the court need not, and expressly does not, address the State's argument that Wells invited the error.

that it "completes the story" and the court sustained the State's objection. Although the parties and the court further discussed the issue later that day and the next day, with the court clarifying that the statement was not admissible under the residual exception to the rule against hearsay, Ariz. R. Evid. 807, the ruling sustaining the objection did not change. Wells was, however, allowed to testify that in response to the officer asking whether his driving privileges were suspended, he said "No. I didn't think—I didn't think my license was suspended. I thought I was okay."

**¶8**        On appeal, Wells argues the superior court abused its discretion by precluding Wells from eliciting trial testimony from the officer that Wells "had stated that his license was not suspended or revoked" during the interview. As to Wells' "completes the story" argument, the Arizona Rules of Evidence contain no express "completes the story" provision for the admissibility of evidence. To the extent the concept is a part of Arizona's evidence law, it appears to inform the "intrinsic evidence doctrine" relevant to determine whether Arizona Rule of Evidence 404 applies. *See State v. Ferrero*, 229 Ariz. 239, 243 ¶ 20 & n.4 (2012). There is no argument that Rule 404 would apply to this evidence.

**¶9**        On appeal, Wells argues the statement was part of a report prepared by the officer. "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." Ariz. R. Evid. 106. Thus, Wells argues, he should have been allowed to elicit trial testimony from the officer that Wells said his license was not suspended or revoked.

**¶10**        Even if Wells had timely raised Rule 106, it is not clear that rule would have any application. The State did not seek to introduce "all or a part of" that report prepared by the officer, as would be required to implicate Rule 106. Instead, the State used the report to refresh the officer's recollection during testimony, a use that implicates disclosure obligations but not admission of that document in evidence. *See* Ariz. R. Evid. 612**.**

**¶11**        Wells, however, did not cite Rule 106 at trial and did seek the admission of the report in evidence, meaning he failed to preserve any claim of error absent fundamental error. *See* Ariz. R. Evid. 103(a), (e). As noted above, during his cross-examination, Wells testified that he told the officer during the interview that his license was not suspended. On this record, Wells has failed to show any resulting prejudice, even assuming error, by the superior court sustaining the State's hearsay objection. *See James*, 231 Ariz. at 493 ¶ 11.

## CONCLUSION

¶12 Wells' convictions, resulting sentences and probation grants are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA